STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RAMON PEREZ,

*Plaintiff,*

VS.

THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND,

*Defendants,*

C.A. No.: PC06- 4358

**PLAINTIFF, RAMON PEREZ' VERIFIED COMPLAINT SEEKING A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

a. **The Parties**

1. Plaintiff, Ramon Perez, is an adult individual, and a resident of the City of Providence, Providence County Rhode Island.

2. Defendant, The Rhode Island Public Utilities Commission (hereinafter referred to, for purposes of clarity, as the defendant, "PUC"), is an agency of the State of Rhode Island, established pursuant to R.I. Gen. Laws, Section 42-14.3.1, as amended, and, in that capacity, is authorized to sue and be sued.

3. Defendant, PUC, further pursuant to R.I. Gen. Laws, Section 42-14.3.1, as amended, is authorized to carry out and enforce the provisions of chapters 1-20 of title 39 of Rhode Island General Laws.

4. The defendant, State of Rhode Island, is herein named as a party defendant, as the constitutionality of a state statute, to wit, Section 39-14-18, as amended, is herein questioned and bought in issue before this Honorable Court, and the defendant,

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 18 P 2:32

State of Rhode Island, is authorized and required to receive notice and opportunity to defend the same, by its legal representatives.

b. **The Facts**

5. The plaintiff, Ramon Perez, is and has been, at all times relevant hereto, an owner and driver of a "common carrier," to wit, a taxicab, as that term is defined at R.I. Gen. Laws, Section 39-14-1(2).

6. The defendant, PUC, as aforesaid, is provided certain administrative and regulatory powers, pursuant to 42-14-3.1, including but not limited to the enforcement of the provision of title 39, chapter 14 of the Rhode Island General Laws.

7. That among the administrative and regulatory requirements enforced and mandated by the defendant, PUC, is a requirement of your plaintiff, Ramon Perez, and other owners, similarly situated, to maintain proof of financial responsibility, as a condition precedent to the ownership or maintenance of a taxicab and license to operate the same, as required by R.I. Gen. Laws, Section 39-14-18.

8. That, at all relevant times prior hereto, R.I. Gen. Laws, Section 39-14-18, required of your plaintiff, and others similarly situated, proof of financial responsibility through the maintenance of liability insurance in an aggregated amount of $25,000.00 per person/$50,000.00 per collision, and $10,000.00 for property damage. A copy of that statute is appended hereto and marked as Exhibit "A."

9. That, in the last legislative session of the General Assembly, the defendant, State of Rhode Island, enacted an amendment to R.I. Gen. Laws, Section, 39-14-18, through the passage and signing of S 2877. A copy of that bill is appended hereto and marked a Exhibit "B."

10. By means of the foregoing amendment, the liability limits required of your plaintiff, Ramon Perez, and others similarly situated, were raised, ten fold, to $250,000.00/per person and $500,000.00/per collision. The property damage requirements were similarly increased to $100,000.00

11. That neither your plaintiff, nor others similarly situated, were noticed or apprised of the then pending legislation, nor asked to comment on the same.

12. These liability limits will be effective as of September 1, 2006.

13. Pursuant to the passage of that bill, the defendant, PUC, promulgated a notice to all licensed certificate holders and owners, mandating compliance with the aforesaid limits on or by September 1, 2006. A copy of that notice is appended hereto and marked as Exhibit "C."

14. By means of that Notice (Exhibit "C"), the defendant, PUC, notified the plaintiff, and others similarly situated, *inter alia*, that *"[f]ailure to have such proof of financial responsibility in place by that date* (September 1, 2006) *may result in immediate suspension of your operating authority."*

15. That, as the amended act became effective July 14, 2006, and is to be enforced on September 1, 2006, your plaintiff, and others similarly situated, face immediate and irreparable injury.

16. That, your plaintiff, Ramon Perez, and others similarly situated, will be financially unable to comply with the mandates of the amended act, and faces loss of his livelihood and operating privileges.

17. That, the plaintiff's rates and/or fares, are administratively set by the defendant, PUC, and have not been raised in six years.

18. That the plaintiff, and others similarly situated, will be unable to recoup the charges or assessments mandated by the amended Act, and are precluded by the defendant, PUC, from passing such costs to his customers, whom the Amended Act, ostensibly seeks to protect.

19. That, the defendant, PUC, has essentially required of the plaintiff, and others similarly situated, an unfunded mandate, requiring compliance and taking money from them without notice or opportunity for redress, by controlling the plaintiff's right to contract with his customers to reek recoupment of such costs.

20. Further, as the defendant, PUC and State of Rhode Island, are protected and insulated from redress by the plaintiff, under the doctrine of sovereign immunity, the plaintiff, and others similarly situated, have no or any adequate remedy at law.

21. That, your plaintiff, Ramon Perez, is an American citizen, of Latino extraction.

22. That, the overwhelming majority of taxicab owners and operators, particularly, within the City of Providence are themselves of American citizens of Latino extraction or lawful permanent resident of a similar ethnic constituency.

23. That, the amended act, bears a disparate impact upon your plaintiff and other owners/operators of that background, under the guise of public policy, requiring them to fund protection for their passengers, the majority of which are better educated, more affluent and overwhelmingly white, without providing any avenue to secure compensation or repayment of the same.

24. That, your plaintiff, and others similarly situated, face imminent loss of their operating privileges and further face the loss of all monies heretofore expended in compliance with prior mandates of the defendant, PUC.

25. That, your plaintiff, and others similarly situated, have been denied their right to contract and an unlawful assessment has been imposed upon your plaintiff, in violation of law.

WHEREFORE, your plaintiff, RAMON PEREZ, prays this Honorable Court, to restrain and enjoin the defendants, THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND, from implementing, enforcing and/or promulgating any rule, regulation or otherwise in pursuance of R.I. Gen. Laws, Section 39-14-18, as amended (S 2877), temporarily, until full hearing can be had on plaintiff's prayer for a Preliminary and Permanent Injunction. Further, the plaintiff seeks relief of this Honorable Court requiring the plaintiff, and others similarly situated, to otherwise comply with the dictates of the amended statute until such further hearing as the court may direct. The plaintiff also prays this Honorable Court to declare the amended Act unconstitutional as violative of the following: (1) The so-called takings clause of the Fifth Amendment to the United States Constitution and Article 1, Section 16 of the Rhode Island Constitution; (2) The right to contract secured your plaintiff pursuant

to Article 1, Section 10 of the United States Constitution and Article 1, Section 12 of the Rhode Island Constitution; and (3) The Equal Protection Clause of the 14th Amendment to the United States Constitution, in that it bears a disparate and disproportionate impact on a protected class. Plaintiff further prays an award of attorneys' fees and the costs of the instant action.

RAMON PEREZ,

STATE OF RHODE ISLAND}
PROVIDENCE, SC. }

Subscribed and sworn to before me within the City of Providence, County of Providence, State of Rhode Island, on this the 18th day of August, 2006, under the pains and penalties of perjury.

Notary Public
My Commission Expires: 11/05

Plaintiff,
RAMON PEREZ,
By his Attorney,

Emili Vaziri, Esquire (#4952)
160 Plainfield Street
Providence, RI 02909
(401) 944-6430
FAX: (401) 944-4161