# EXHIBIT "C"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**DIVISION OF PUBLIC UTILITIES AND CARRIERS**
**Motor Carriers Section**
89 Jefferson Blvd.
Warwick, R.I. 02888
(401) 941-4500

FAX (401) 941-9161

July 19, 2006

Dear Certificate Holder:

In late June, the Rhode Island General Assembly passed the attached Senate Bill (S-2877), which established new insurance requirements for Rhode Island taxicab and jitney operations. The bill became law on July 14, 2006.

Essentially, the new law requires taxicab and jitney operations to furnish this Division with proof of financial responsibility (insurance coverage) in the following manner:

1. A policy to provide indemnity in the sum of not less than $300,000 combined single limit, or;
2. A policy to provide indemnity in the sum of $250,000 per person/$500,000 per accident bodily injury and $100,000 property damage split.

Accordingly, the Division expects every certificate holder operating a taxicab or jitney company to provide this agency with a certificate of insurance detailing coverage in the requisite amounts no later than Friday, September 1, 2006. Failure to have such proof of financial responsibility in place by that date may result in immediate suspension of your operating authority.

I urge you to read the attached bill in its entirety (the underlined passages contain the new statutory language) and discuss the new limits with your insurance agent so as to ensure your company's compliance.

If you have any questions regarding this matter, please contact the Division at 941-4500, ext. 158.

Sincerely,

Terrence Mercer

Terrence Mercer
Associate Administrator

# Legislative Status Report

Condition: {List Bills: 2877}

Senate Bill No.2877 SUB A as amended
Chapter 579
**BY** Walaska
**ENTITLED,** AN ACT RELATING TO PUBLIC UTILITIES AND CARRIERS
(revise the personal injury and property damage insurance requirements of the owners of taxicabs, limited public motor vehicles, and jitneys operating in the state to require an insurance policy that provides for indemnity)
{LC2611/1/A}

03/01/2006 Introduced, referred to Senate Financial, Technology and Regulatory Issues
03/21/2006 Scheduled for hearing and/or consideration
03/21/2006 Committee recommended measure be held for further study
04/25/2006 Scheduled for hearing and/or consideration
04/25/2006 Committee recommends passage of Sub A as amended
05/04/2006 Placed on Senate Calendar
05/11/2006 Senate passed Sub A as amended (floor amendment)
05/16/2006 Referred to House Corporations
06/21/2006 Scheduled for hearing and/or consideration
06/21/2006 Committee recommends passage of Sub A as amended in concurrence
06/21/2006 Placed on House Calendar
06/22/2006 House passed Sub A as amended in concurrence
07/06/2006 Transmitted to Governor
07/14/2006 Effective without Governor's signature

Total Bills:1

Legislative Data System Room 1 07/20/2006
State House, Providence, Rhode Island 01:50 PM

Home Back

2006 -- S 2877 SUBSTITUTE A AS AMENDED

LC02611/SUB A

# STATE OF RHODE ISLAND

**IN GENERAL ASSEMBLY**

**JANUARY SESSION, A.D. 2006**

---

## AN ACT

RELATING TO PUBLIC UTILITIES AND CARRIERS

Introduced By: Senator William A. Walaska

Date Introduced: March 01, 2006

Referred To: Senate Financial, Technology, Regulatory

It is enacted by the General Assembly as follows:

SECTION 1. Section 39-14-18 of the General Laws in Chapter 39-14 entitled "Taxicabs and Limited Public Motor Vehicles" is hereby amended to read as follows:

**39-14-18. Proof of financial responsibility. --** (a) The owner of every taxicab or limited public motor vehicle shall, before operating or continuing to operate ~~the~~ a taxicab or limited public motor vehicle on the public highways of this state, furnish to the division of ~~motor vehicles, as the owner shall elect, either:~~

~~(1)~~ ~~A~~ public utilities and carriers, a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy insuring him or her against liability for injury to persons and damage to property which may be caused by the operation of the taxicab or limited public motor vehicle, such policy to provide for indemnity in the sum of not less than ~~twenty-five~~ three hundred thousand dollars ~~($25,000)~~ ($300,000) ~~in the case of one person injured and not less than fifty thousand dollars ($50,000) in the case of injury to two (2) or more persons in any one accident, and indemnity of not less than ten thousand dollars ($10,000) for damage to property; or~~ combined single limit, or two hundred fifty thousand dollars ($250,000) per person, five hundred thousand dollars ($500,000) per accident bodily injury and one hundred thousand dollars ($100,000) property damage split limit.

~~(2) A certificate of the general treasurer of this state that the owner has filed in his or her office, a bond of a surety company authorized to transact business in this state, payable to the general treasurer, in the penal sum of at least twenty-five thousand dollars ($25,000), to~~

indemnify any person who may be injured or whose property may be damaged as a result of the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner; or

(3) Evidence of the financial responsibility of the owner to answer, in an amount not exceeding fifty thousand dollars ($50,000) over and above his or her fixed liabilities, but including the fair value of all his or her real estate and tangible and intangible personal property, for injuries to persons or damage to property which may thereafter result from the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner, as the division may deem adequate; provided, however, that the division may, if satisfied after a hearing that the bond as given under subsection (a)(2) or the financial responsibility as shown by the statement filed in subsection (a)(3) are inadequate to protect the public order, require the owner to file a new or additional bond within the limits provided in this section unless the owner satisfies the registry of his or her financial responsibility in an amount up to fifty thousand dollars ($50,000) as provided in this section.

(b) The insurance and the bond shall be noncancelable by either party to the contract, except after five (5) days notice to the division of motor vehicles, furnished by the insurance company or the surety company. Any person aggrieved by any decision of the division made pursuant to the provisions of this section may, within ten (10) days after the rendition thereof, appeal to the sixth division of the district court for a review of the decision. The court shall, as soon as may be, give a summary hearing upon the appeal and shall have jurisdiction to affirm or reverse the decision, or make such order in the premises as to the court shall seem just, and the decision shall be subject to appeal to the supreme court in the same manner as provided for in civil actions. The court may make reasonable rules to insure a prompt hearing of the appeals and a speedy disposition thereof. The appeals shall not, however, operate as a suspension of any decision theretofore rendered by the division and all decisions shall continue in force and be operative unless reversed by the court. A party aggrieved by a final order of the court may seek review thereof in the supreme court by writ of certiorari in accordance with the procedures contained in section 42-35-16.

SECTION 2. Sections 39-13-7 and 39-13-8 of the General Laws in Chapter 39-13 entitled "Motor Passenger Carriers" are hereby repealed.

**39-13-7. Posting of bond to pay damages from jitney operation. --** Whenever any person, association, or corporation has obtained and filed with the division of motor vehicles a certificate of public convenience and necessity issued by the division for the operation of a jitney, the person, association, or corporation, before operating a jitney, shall deposit with the general

~~treasurer of the state a bond running to the general treasurer and in form and substance approved by the division of motor vehicles, with such surety, if any, as the division may require, conditioned to pay any final judgment obtained against the principal named in the bond for any injury to person or property or damage for causing the death of any person, which injury, death, or damage may result from or have been caused by the use or operation of the jitney by the owner thereof or his or her or its agents, employees, or drivers. Any person so injured or damaged or his or her executor or administrator, or the executor or administrator of any person whose death was so caused, may enforce payment of a judgment by suit on the bond in the name of the general treasurer.~~

~~**39-13-8. Amount of bond. --** The amount of the bond shall be determined upon the basis of five hundred dollars ($500) for each passenger which each jitney described in the bond is authorized to carry by the certificate of public convenience and necessity permitting the operation of the jitney; provided, however, that the maximum amount of the bond need not exceed twenty thousand dollars ($20,000).~~

SECTION 3. Section 39-13-9 of the General Laws in Chapter 39-13 entitled "Motor Passenger Carriers" is hereby amended to read as follows:

**39-13-9.** ~~**Proof of financial responsibility in lieu of bond. --**~~ **Proof of financial responsibility. --** ~~The provisions of sections 39-13-7 and 39-13-8 shall not apply to any person, association, or corporation furnishing evidence to the division of motor vehicles of his or her or its financial responsibility to answer in an amount not exceeding one hundred thousand dollars ($100,000) over and above his or her or its fixed liabilities, but including the fair value of all his or her or its real estate and tangible and intangible personal property, for injuries to persons or damage to property, or for causing the death of any person, which injury, death, or damage may result from or have been caused by the use or operation of a jitney by the owner thereof or his or her or its agents or employees.~~ The owner of every jitney shall, before operating or continuing to operate a jitney on the public highways of this state, furnish to the division of public utilities and carriers a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy that insures against liability for injury to persons and damage to property which may be caused by the operation of the jitney, such policy to provide for indemnity in the sum of not less than three hundred thousand dollars ($300,000) combined single limit or it's equivalent split level.

SECTION 4. This act shall take effect upon passage.

LC02611/SUB A

R E C E I P T

ıode Island Justice System

Receipt Number: SCP232111
Date: 18-AUG-2006
Cashier: LSY

ayor: LB - W,G. GRANDE
ddress:

| escription | Amount |
|---|---|
| ase: PC-2006-4358 | |
| RAMON PEREZ V THE R I PUBLIC | |
| NITIAL FILING FE | 150.00 |
| I LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

| ender Type: | |
|---|---|
| HECKS-7103 | 160.00 |
| | 0.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

ɪrue Copy Attesı

[signature]

Office of Clerk oı Superior Court
Counties of Pro-idence & Bristol
Providence Rhode Islan