STATE O IODE ISLAND AND PROVIDENCE PLANT ONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2006-4358 RAMON PEREZ V THE R I PUBLIC UTILITIES COMMISSION

Filing Date: 08-18-2006
Case Status: UNASSIGNED

Case Type: INJUNCTIVE RELIEF
Status Date: 08-18-2006

Plaintiff: RAMON PEREZ
ID: @10857663

Attorney: EMILI VAZIRI
Attorney: DAMON D'AMBROSIO

Defendant: RHODE ISLAND PUBLIC UTILITIES
ID: @10857664
Defendant: STATE OF RHODE ISLAND
ID: STATE

Scheduled Events

| ate | Event | Location | Judge |
|---|---|---|---|
| -28-2006 | TEMPORARY RESTRAIN ORDER | P CRT15 | FORTUNATO |

Prior Events

| ate | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| ecked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| te | Description | Text |
|---|---|---|
| 18-2006 | MOT FOR TEMP RESTRAIN ORDER | Affiliated: PEREZ, RAMON |
| 18-2006 | MEMORANDUM FILED | IN SUPPORT OF TRO & PPI<br>Affiliated: PEREZ, RAMON |
| 18-2006 | STIPULATION FILED | GIBNEY,J - DEFTS RESTRAINED & ENJOINED FROM IMPLEMENTING OR OTHERWISE ENFORCING THE AMENDED FINANCIAL RESPONSIBILITY PROVISIONS OF RIGL 39-14-18(S2877) AS APPLIES ONLY TO NAMED PLTF & PENDING PLTFS REQUEST FOR FURTHER INJUNCTIVE RELIEF |
| 18-2006 | COMPLAINT FILED | |
| 18-2006 | INITIAL FILING FEE | |
| 18-2006 | Payment Applied | A Payment of -$160.00 was made on receipt SCP232111. |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

CASE # 06-4358

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Ramon Perez | RI PUC + RI |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | (✓) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | ( ) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | ( ) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) NAME CHANGE | ( ) **TU** TRUST | |

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

JURY (✓) YES ( ) NO IF YES: ( ) JURY (✓) NON-JURY

ATTORNEY NAME & REGISTRATION# Vazcrl-4912 8-18-06

SIGNATURE/NAME DATE: TODAY

FILED HENRY S. KINCH JR., CLERK

(REV05-05)

06 AUG 18 P 2:32

**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | | |
|---|---|---|
| **RAMON PEREZ,** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | |
| **VS.** | ) | **C.A. No.: PC06-4358** |
| | ) | |
| **THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND[1],** | ) | |
| | ) | |
| ***Defendants,*** | ) | |

**DEFENDANTS, THE RHODE ISLAND PUBLIC UTILITIES COMMISSION AND THE STATE OF RHODE ISLAND ANSWER TO PLAINTIFF'S COMPLAINT SEEKING A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

**a. The Parties**

1. Admitted.

2. Admitted.

3. Denied in part. The authority of defendant Public Utilities Commission is set out in R.I. Gen. Laws, Title 39, as amended, specifically in R.I. Gen. Laws § 39-1-3, as amended by P.L. 1995, ch. 188, § 3, and P.L. 1996, ch. 316, § 1. These amendments had the effect of once again separating the Public Utilities Commission and the Division of Public Utilities and Carriers into separate agencies with distinct responsibilities and authorities under R.I. Gen. Laws, Title 39. Relevant to the instant complaint, authority to carry out and enforce the provisions of chapter 14 of Title 39 of the Rhode Island General Laws has been

[1] The proper agency Defendant in this matter is the Rhode Island Division of Public Utilities and Carriers, rather than the Rhode Island Public Utilities Commission. Defendants have agreed to stipulate that Plaintiff may amend his pleadings accordingly. The answers to the complaint have taken this into account and reflect the positions of the Division of Public Utilities and Carriers.

FILED
HENRY S. KINCH JR., CLERK
2006 AUG 23 P 3:05

True Copy Attest
Hy S. Kinch, Jr.
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

granted to the Division of Public Utilities and Carriers rather than to the Public Utilities Commission. Paragraph 4 contains a legal conclusion to which no response is required.

**b. The Facts**

4. Admitted.

5. Denied for the reasons set out in paragraph 3, above.

6. Denied as to the named defendants for the reasons set out in paragraph 3, above. Further, neither the named defendants nor the Division of Public Utilities and Carriers, the agency actually charged with enforcing the provisions of R.I. Gen. Laws Title 39, chapter 14, "mandate" the insurance provisions of R.I. Gen. Laws § 39-14-18. The insurance liability coverage provisions are "mandated" by the General Assembly. Further, proof of financial responsibility is not a condition precedent to owning a taxicab company; providing proof of financial responsibility is a condition precedent to receiving the certificate of operating authority that allows one to operate a taxicab company and is an ongoing requirement so long as one is operating a taxicab company.

7. Admitted that the statute says this in part.

8. Admitted.

9. Paragraph 10 contains a legal conclusion to which no response is required.

10. The defendants are without knowledge to admit or deny, and leave plaintiff to his proof.

11. Denied. The liability limits were in effect as of the date on which the amendment became law, July 14, 2006, but the Division of Public Utilities and Carriers has delayed enforcement until September 1, 2006, in order to allow the effected certificate of public convenience and necessity holders – and the insurance companies – to react to the new limits.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

12. Denied in part and admitted in part. The Division of Public Utilities and Carriers, not the named defendant, took the action described in paragraph 13.

13. Denied in part and admitted in part. The Division of Public Utilities and Carriers, not the named defendant, took the action described in paragraph 14.

14. Denied.

15. Denied.

16. Denied. The plaintiff's tariff (rates and/or fares) are approved by the Division of Public Utilities and Carriers, not by the named defendants, and the last general rate increase was approved and went into effect on or about January 1, 2003. In addition, a fuel surcharge is currently in effect and varies with increases or decreases in the price of fuel.

17. Denied. The plaintiff is authorized to seek approval from the Division of Public Utilities and Carriers for changes to his current tariff under R.I. Gen. Laws § 39-14-2.2; upon information and belief, one of the companies in which plaintiff has an ownership interest has made such a filing.

18. Denied.

19. Denied.

20. Defendants are without sufficient knowledge to admit or deny.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, Defendants respectfully request that the Court deny and dismiss Plaintiff's Complaint, no costs or fees to Defendants.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to all immunities which are enjoyed by the sovereign.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to maintain an action against these Defendants insofar as the legislation at issue enjoys the presumption of validity and, in fact, was duly enacted and is not violative of any provisions of the Federal or State Constitutions.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants are entitled to a presumption that they will act at all times with good faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

Respectfully submitted,

DEFENDANTS
By Their Attorney General

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington (R.I. Bar 3890)
Deputy Chief Civil Division
William Kent Lueker (R.I. Bar 6334)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 exts. 2303 and 2299
Fax No. (401) 222-2995

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing by first class mail, postage prepaid on this 23rd day of August, 2006 to:

Emili Vaziri, Esquire
Damon M. D'Ambrosio, Esquire
160 Plainfield Street
Providence, RI 02909

Melissa S. DiFonzo

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# STIPULATION

☐ SUPREME COURT ☑ SUPERIOR COURT ☐ FAMILY COURT ☐ DISTRICT COURT

Providence COUNTY/DIVISION

| 1. Brian Rose vs. RI DMV + State of RI | 2. CASE NO. PC06-4358 |
|---|---|

In the above-entitled cause it is agreed that the following entry be made:

This MATTER came on before the Honorable Justice Gibney presiding on Plaintiff's motion for a temporary restraining order and upon consideration thereof, the Defendants are restrained and enjoined from implementing or otherwise enforcing the amended financial responsibility provisions of RIGL 39-19-18 (S 2877), ~~per~~ as applies only to the Named Plaintiff and pending Plaintiffs request for further injunctive relief, scheduled to be heard on August 28, 2006 on the formal and special cause calendar

Emilio Vazini — Plaintiff's Attorney (Print Name) — 4952 Registration No. — Signature

WILLIAM K. LUEKER — Defendant's Attorney (Print Name) — 6334 Registration No. — Signature

True Copy Attest: Office of Clerk of Superior Court, Counties of Providence & Bristol, Providence Rhode Island

Date 8/18/06

Judge Gibney, J.

Denise McQueen, Deputy Clerk

J-7 (Rev. 9/89)

WHITE - FILE YELLOW - PLAINTIFF PINK - DEFENDANT

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# OMNIBUS CALENDAR ASSIGNMENT FORM

SUPERIOR COURT

(✓)PROVIDENCE/BRISTOL ( )KENT ( )WASHINGTON ( )NEWPORT

Ramon Perez

VS

RI PUC + STATE OF RI

CASE NO. PC06 -4358

**REQUESTED CALENDAR ASSIGNMENT**

( ) J JURY TRIAL — TRIAL CALENDAR — ( ) N NON-JURY TRIAL

**FORMAL SPECIAL CAUSE CALENDAR**

( ) AGA AGENCY APPEAL
( ) AOD ASSESSMENT OF DAMAGES
( ) CNA CONFIRM ARBITRATION
( ) DEJ DECLARATORY JUDGMENT
( ) EOJ ENTRY of JUDGMENT
( ) FFR FIRST & FINAL REPORT
( ) FRR FORCLOSURE of RIGHT of REDEMPTION
( ) FRS FRIENDLY SUIT
( ) OPC ORAL PROOF OF CLAIM
( ) MMN MANDATORY INJUNCTION
( ) MEL MECHANIC'S LIEN
( ) MAT MOTION TO ATTACH
( ) PRT PARTITION PROCEEDINGS
( ) PAT PETITION TO APPOINT TEMPORARY RECIEVER
( ) PEN PETITION TO ENFORCE
( ) PIN PETITION FOR INSTRUCTIONS
( ) PRC PETITION TO RECLAIM
( ) PES PETITION TO SELL
( ) PPI PRELIMINARY INJUCTION
( ) PCL PROOF OF CLAIM
( ) RCP RECEIVERSHIP PROCEEDINGS
( ) SPP SUPPLEMENTARY PROCEEDINGS
(✓) TPR TEMPORARY RESTRAINING ORDER
( ) TIP TITLE PROCEEDINGS
( ) TSP TRUSTEE PROCEEDINGS
( ) VAR VACATE ARBITRATION
( ) WOM WRIT OF MANDAMUS
( ) WOR WRIT OF REPLEVIN

( ) OTH OTHER FSC MATTER :

**DISPOSITIVE MOTION CALENDAR**

( ) MTD MOTION TO DISMISS, UNDER RULE 12
( ) MJP MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS
( ) MPS MOTION FOR PARTIAL SUMMARY JUDGMENT
( ) MSG MOTION FOR SUMMARY JUDGMENT
( ) MOT OTHER DISPOSITIVE MOTION :

HEARING DATE: 8/28/06 (FSC) MOTION CLERK: [signature] DATE: 8/18/06

**SPECIAL MASTER CALENDAR**

( )OTH OTHER MATTER:

HEARING DATE: CLERK:

**METHOD OF ASSIGNMENT**

( ) MOTION TO ASSIGN
( ) STIPULATION TO ASSIGN
( ) COURT ORDER PURSUANT TO TEMPORARY EX PARTE ORDER

BASED ON METHOD OF ASSIGNMENT STATE ANY RELEVANT INFORMATION BELOW

True Copy Attest [signature]

ATTORNEYS — DATE 8/18/06 — DATE/TIME STAMP

SIGNATURES E. Urena, Esq 4557 (PLAINTIFFS) — [signature] (DEFENDANTS)

PRINT NAME

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 18 P 2:3?

SR-11 (REV 5/05)

WHITE/COURT YELLOW/PLAINTIFFS ATTORNEY PINK/DEFENDANTS ATTORNEY GOLD/CALENDAR CLERK

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RAMON PEREZ,

*Plaintiff,*

VS.

C.A. No.: PC06- 4388

THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND,

*Defendants,*

**PLAINTIFF, RAMON PEREZ', MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

***Introduction:***

On July 14, 2006, certain amendments to R.I. Gen. Laws, § 39-14-18 (S 2677), became effective. A copy of the same is appended to the plaintiff's Verified Complaint and therein labeled as Exhibit "B." The plaintiff, and others similarly situated,[1] face the immediate threat of an increase in insurance rates, so prodigious, that it will preclude them from maintaining their livelihood and cause a loss of monies already expended in pursuance thereof. *See generally,* Plaintiff's Verified Complaint.

The gravamen of the instant Complaint centers on that portion of the amended Act, which requires a ten-fold increase in the carrying of liability insurance by the plaintiff, and others similarly situated. Further, the Act also requires a ten fold increase

[1] While the instant action is brought solely in the name of this plaintiff, due to the immediacy of the harm envisaged by the current legislation, counsel for the plaintiff reasonably anticipates that additional parties-plaintiff will hereafter seek intervention pursuant to Rule 24(a) of the Superior Court Rules of Civil Procedure. Further, this matter may ultimately entail a certification of a class of class interests pursuant to Rule 23 of the foregoing.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 18 P 2: 36

Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

in property damage coverage to be secured by your plaintiff and others similarly situated.[2] As the defendant, PUC, controls the rates and fares which the plaintiff, and other similarly situated, may charge their customers or fares, those owners/certificate holders have no means to recoup such substantial costs increases and many, including the plaintiff, face loss of their livelihood and the substantial investments they have made in the same over the past several years. [3] Simply stated, the Act, as passed by the General Assembly, will require an inordinate and substantial increase in costs to the plaintiff, and others similarly situated, without any means of financial redress made available to them by the defendant, PUC.

The plaintiff, and others, face immediate and irreparable injury, and further contend that those portions of this legislation are violative and in derogation of rights secured to your plaintiff by both the United States Constitution and the Constitution of the State of Rhode Island, for those reasons as are set forth, *infra.*

***Legal Argument:***

**Rule 65**

Rule 65 of the Superior Court Rules of Civil Procedure provides that the Superior Court may grant a Temporary Restraining Order if it "(1) clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable

---

[2] Although of no moment to a resolution of the instant action, S 2677, was introduced by Senator Walaska, who upon information and belief, maintains or has maintained an ownership interest in one or more auto body repair facilities. Accordingly, it would appear the introduction of such legislation and his voting on the same would be in clear violation of Section 36-14-5 of the Rhode Island General Laws, as amended.

[3] The Court should be apprised that the defendant, PUC, by administrative regulation, has recently required your plaintiff and other owners to purchase newer (less than four (4) year old vehicles, on the supposed basis of public safety, irrespective of the actual condition or road worthiness of their prior vehicles or any similar vehicles they would otherwise require. Now, with the advent of the instant

injury, loss or damage, will result .... and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give (the) notice. On both such grounds, such relief is warranted.

A decision to grant or deny injunctive relief is addressed to the sound discretion of the trial justice and will not be disturbed on appeal unless the record demonstrates a clear abuse of discretion or error of law. *Hagenberg v. Avedisian,* 879 A.2d 436, 439 (R.I. 2004); *.DiDonato v. Kennedy,* 822 A.2d 179, 181 (R.I. 2003); *Sullivan v. Chafee,* 703 A.2d 748, 751 (R.I. 1997). The Supreme Court has declared that no such finding of abuse can lie where the moving party has, at least, made out a prima facie case. *Iggy's v. Giroux,* 729 A.2d 701, 705 (R.I. 1999); *DiLibero v. Swenson,* 593 A.2d 42, 44 (R.I. 1991). Most significantly, the Supreme Court (as does the instant Rule) has long recognized that the threat of *immediate and irreparable harm* constitutes a valid ground for the awarding of equitable relief. *West Greenwich v. Stepping Stone Enterprises,* 416 A.2d 659, 663 (R.I. 1979); *Menard v. Woonsocket Teacher's Guild-AFT 951,* 117 R.I. 121, 126-127 (1976). Such immediate and irreparable harm faces the plaintiff.

More pointedly, the plaintiff, and others so situated, have no redress at law, insofar as the defendants are insulated, or at least will argue that they are insulated from liability under the doctrine of sovereign immunity. Absent consent to sue, whether direct or implicit, the plaintiff can seek no recourse as against either party defendant for the financial distress occasioned by the implementation of the foregoing statute. *See, Rhode Island Turnpike & Bridge Authority v. Nugent,* 95 R.I. 19, 29, 30 (1962). Nor would the

---

legislation, those investments could be rendered worthless as the plaintiff, and others, are unable to secure the levels of insurance required and those vehicles can no longer be maintained on the road.

redress sought be actionable, or even necessarily cognizable under the provisions of chapter 31 of title 9 (State Tort Claims Act). Nor would an award of interest on the same necessarily follow. *Accord, Andrade v. State*, 448 A.2d 1293 (R.I. 1982); *Matarese v. Durham*, 689 A.2d 1057, 1058 (R.I. 1997).

Hence, the sole legal recourse available to the plaintiff would lie in equity. In addition, while the plaintiff and others may petition the Public Utilities Commission for a fare increase,[4] that relief remains speculative.

***The Takings Clause:***

The Fifth Amendment to the United States Constitution provides, in pertinent part, that no person shall "be deprived of life, liberty or property…nor shall private property be taken for public use, without just compensation." Rhode Island's Constitution set forth an analog state assurance against uncompensated takings at Article 1, Section 16. The purported public purpose behind the amended legislation is to insure adequate compensation to injured passengers and other members of the public who ride in the taxicabs subject to regulation by the defendant, PUC. The unfortunate consequence, however, that the monies necessary to fund this public purpose are being taken from a distinct class, the taxi operators, without providing them any recourse to compensate for the losses to be suffered. If the beneficent goal of this legislation is to protect the weary traveler, fundamental fairness would require that passenger to bear some of the costs of his or her passage.

---

[4] The plaintiff anticipates that a Petition for such a fare increase will be shortly sought before the defendant, PUC. That Petition, however, would not be dispositive or provide the necessary ameliorative relief sought by this action. The deliberate nature of the administrative process and the delay attendant to the same, will result in the immediate displacement of the plaintiff from his chosen field, as well as others unable to meet the financial strictures contemplated by the amended statute.

The guise of the legislation, however, is of no moment as regards the Fifth Amendment's applicability. As the Takings Clause is made applicable to the States through the Fourteenth Amendment, *Chicago B. & Q. R. Co. v. Chicago*, 166 U.S. 226 (1897), it does not prohibit the taking of private property, but places a condition on the exercise of that power, to wit, compensation. *First Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 314 (1987), to wit. None is provided for within the legislation at the bar.

The United States Supreme Court has recognized that a direct governmental appropriation or invasion of private property is not necessary for a litigant to invoke the protection of the Fifth Amendment. *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922). Governmental regulation of private property may, in some instances, be so onerous, that its effect is tantamount to a direct appropriation or ouster, and that such "regulatory takings" are compensable under the Fifth Amendment. *Lingle v. Chevron, U.S.A., Inc.*, ___ U.S. ___, (no.04-163) (2005). Fifth Amendment principles apply where governmental regulations "completely deprive an owner of all economically beneficial us[e] of her property." *Lingle, quoting, Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1019 (1992). That situation is precisely the difficulty facing the plaintiff. Enforcement of the amended statute would not only deprive the plaintiff of the beneficial use of his property but would, moreover, render prior expenditures in furtherance of his livelihood a nullity.[5]

[5] The foregoing assumes, *arguendo*, the validity of the public purpose behind the present legislation, which, for purposes only of the instant motion, the plaintiff grants the defendants. *See e.g., Romeo v. Cranston Redevelopment Agency*, 105 R.I. 651, 658 (1969) (holding that the concept of public use should be liberally construed).

***The Contract Clause***

Article 1, Section 10 of the United States Constitution precludes the states from enacting any law "impairing the Obligation of Contracts." That federal Constitutional mandate finds its Rhode Island expression in Article 1, Section 12 of the Rhode Island Constitution which provides that no law "impairing the obligation of contracts, shall be passed."

The legislation at issue, by its inherent nature, infringes on the right of the plaintiff to contract. It requires the plaintiff to bear a financial obligation but denies to him, and others similarly situated, the wherewithal to compensate for the same through the auspices of the free market.[6]

***Equal Protection/Disparate Treatment***

The plaintiff is of Latino origin, as are a majority of the affected taxi cab owners/operators within the City of Providence. Many of the same, moreover, are lawful aliens. Their passengers, however, are generally white and upscale.[7] The burden of shouldering the increased costs of operating their vehicles, however, is to be borne solely by members of this smaller class, without recourse to the passengers themselves.

While the "Equal Protection Clause" of the Fourteenth Amendment provides that "[N]o State shall .... deny to any person within its jurisdiction the equal protection of the laws," this statute accomplishes precisely that forbidden goal. Despite its facially neutral appearance, the statute will impact directly, and exclusively, those individuals, such as

---

[6] As the immediacy of this statute required immediate action and relief in the courts, the plaintiff has not yet fully briefed this argument, the same will, as will the rest of this Memorandum, be supplemented prior to any hearing on a Preliminary or Permanent Injunction.

[7] Ironically, in an application for a taxi license, the defendant, PUC, requires disclosure of citizenship/alienage status, and would, therefore, presumably at hearing, under subpoena, be capable of attesting to the actual number involved. Why such inquiry is made, however, is perplexing , in that no

the plaintiff who toil the streets of Rhode Island in their cabs, at the behest of an economically more privileged and potent group.

In cases alleging disparate treatment, the plaintiff is required to prove a prima facie case consisting of variable elements that once proven by a preponderance of the evidence create an inference of racial animus. *See, Furco Construction Corp v. Waters,* 438 U.S. 567, 577 (1978). *McDonnell Douglas Corp.,* 411 U.S. 792, 802 (1973). This line of cases was long ago recognized and adopted in Rhode Island. *See, Newport Shipyard v. Commission for Human Rights,* 484 A.2d 893, 898 (R.I. 1984). Moreover, the holding in those decisions was recently reaffirmed and expounded upon by the Rhode Island Supreme Court in *Neri v. Ross-Simons, Inc.*, ___ A.2d ___, (2006-049), holding, albeit in a termination context, that the principles of *McDonnell Douglas* still obtain. In Neri, the court employed these principles an unlawful discrimination charge based on age and gender.[8]

The exact parameters of the impact of this discrimination/disparate treatment will be borne out at hearing where the defendant and its records remain subject to subpoena. The concern, however, is that absent the immediate grant of a Temporary Restraining Order, that hearing may take place after the imposition of the terms of the statute, and will have already resulted in the loss by this plaintiff of his livelihood.

---

statute requires the same, and proof of lawful residency would be presumed upon receipt of a valid Rhode Island operator's license. See, R.I. Gen. Laws, § 31-10-3, as amended.

[8] Axiomatically, race-based discrimination is subject to an even higher level of "heightened scrutiny" than is age or gender based classifications, in assessing the validity of the public purpose. Even assuming, *arguendo,* that the classifications implied in this legislation are not racially related, they certainly are based on alienage, which, like gender and age issues, is subject to a "middle-level" of constitutional scrutiny.

***Conclusion:***

WHEREFORE, the plaintiff, RAMON PEREZ, seeks relief of this Honorable Court, as prayed in his Verified Complaint and accompanying Motion for a Temporary Restraining Order, Preliminary and Permanent Injunction.

Plaintiff,
RAMON PEREZ,
By his Attorney,

Emili Vaziri, Esquire (#4952)
160 Plainfield Street
Providence, RI 02909
(401) 944-6430
FAX: (401) 944-4161

On Brief:

Damon M. D'Ambrosio, Esquire
RI Registration No.: 3581
160 Plainfield Street
Providence, RI 02909
(401) 946-4651

## CERTIFICATION

I hereby certify that I caused to be served a true and correct copy of the within Memorandum, by service of Original Process herein, by in hand service conducted by a duly appointed and licensed constable of the State of Rhode Island, and, by further sending, via facsimile transmission, a copy of the same, this day, the 18th of August, 2006, to the legal representatives of the named defendants.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RAMON PEREZ,

*Plaintiff,*

VS.

THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND,

*Defendants,*

C.A. No.: PC06- 4358

**PLAINTIFF, RAMON PEREZ' MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

NOW COMES the plaintiff, Ramon Perez, by and through counsel, and herewith moves this Honorable Court, pursuant to Rule 65 of the Superior Court Rules of Civil Procedure, for a Temporary Restraining Order, and thereafter, a Preliminary and Permanent Injunction, as prayed in the plaintiff's Verified Complaint, filed contemporaneously herewith. The plaintiff seeks this Honorable Court to restrain and enjoin the defendants, from implementing and/or otherwise enforcing S2877, amending the prior provisions of R.I. Gen Laws 39-14-8, until hearing on its adverse impact and the legality or constitutionality thereof .

As grounds therefor, the plaintiff incorporates by reference the factual statements as set forth in his Verified Complaint and the Memorandum of Law accompanying the same..

WHEREFORE, the plaintiff prays the foregoing relief as aforesaid.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 18 P 2:32

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Plaintiff,
RAMON PEREZ,
By his Attorney,

Emili Vaziri, Esquire (#4952)
160 Plainfield Street
Providence, RI 02909
(401) 944-6430
FAX: (401) 944-4161

On Brief:

Damon M. D'Ambrosio, Esquire
RI Registration No.: 3581
160 Plainfield Street
Providence, RI 02909
(401) 946-4651

***NOTICE OF HEARING:*** ***PLEASE TAKE NOTICE*** the within Motion shall be brought on for hearing on the 18th day of August, 2006, on plaintiff's Motion for a Temporary Restraining Order at 2:00 p.m., before the Formal and Special Cause Justice, sitting in Providence County, and thereafter a hearing on the plaintiff's request for a Preliminary and Permanent Injunction at such time and date as the court may schedule.

Emili Vaziri, Esquire

**CERTIFICATION**

I hereby certify that I caused to be served a true and correct copy of the within Motion, by service of Original Process herein, by in hand service conducted by a duly appointed and licensed constable of the State of Rhode Island, and, by further sending, via facsimile transmission, a copy of the same, this day, the 18th of August, 2006, to the legal representatives of the named defendants.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RAMON PEREZ,

*Plaintiff,*

VS.

C.A. No.: PC06- 4358

THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND,

*Defendants,*

**PLAINTIFF, RAMON PEREZ' VERIFIED COMPLAINT SEEKING A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION**

a. **The Parties**

1. Plaintiff, Ramon Perez, is an adult individual, and a resident of the City of Providence, Providence County Rhode Island.

2. Defendant, The Rhode Island Public Utilities Commission (hereinafter referred to, for purposes of clarity, as the defendant, "PUC"), is an agency of the State of Rhode Island, established pursuant to R.I. Gen. Laws, Section 42-14.3.1, as amended, and, in that capacity, is authorized to sue and be sued.

3. Defendant, PUC, further pursuant to R.I. Gen. Laws, Section 42-14.3.1, as amended, is authorized to carry out and enforce the provisions of chapters 1-20 of title 39 of Rhode Island General Laws.

4. The defendant, State of Rhode Island, is herein named as a party defendant, as the constitutionality of a state statute, to wit, Section 39-14-18, as amended, is herein questioned and bought in issue before this Honorable Court, and the defendant,

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 18 P 2: 34

State of Rhode Island, is authorized and required to receive notice and opportunity to defend the same, by its legal representatives.

b. **The Facts**

5. The plaintiff, Ramon Perez, is and has been, at all times relevant hereto, an owner and driver of a "common carrier," to wit, a taxicab, as that term is defined at R.I. Gen. Laws, Section 39-14-1(2).

6. The defendant, PUC, as aforesaid, is provided certain administrative and regulatory powers, pursuant to 42-14-3.1, including but not limited to the enforcement of the provision of title 39, chapter 14 of the Rhode Island General Laws.

7. That among the administrative and regulatory requirements enforced and mandated by the defendant, PUC, is a requirement of your plaintiff, Ramon Perez, and other owners, similarly situated, to maintain proof of financial responsibility, as a condition precedent to the ownership or maintenance of a taxicab and license to operate the same, as required by R.I. Gen. Laws, Section 39-14-18.

8. That, at all relevant times prior hereto, R.I. Gen. Laws, Section 39-14-18, required of your plaintiff, and others similarly situated, proof of financial responsibility through the maintenance of liability insurance in an aggregated amount of $25,000.00 per person/$50,000.00 per collision, and $10,000.00 for property damage. A copy of that statute is appended hereto and marked as Exhibit "A."

9. That, in the last legislative session of the General Assembly, the defendant, State of Rhode Island, enacted an amendment to R.I. Gen. Laws, Section, 39-14-18, through the passage and signing of S 2877. A copy of that bill is appended hereto and marked a Exhibit "B."

10. By means of the foregoing amendment, the liability limits required of your plaintiff, Ramon Perez, and others similarly situated, were raised, ten fold, to $250,000.00/per person and $500,000.00/per collision. The property damage requirements were similarly increased to $100,000.00

11. That neither your plaintiff, nor others similarly situated, were noticed or apprised of the then pending legislation, nor asked to comment on the same.

12. These liability limits will be effective as of September 1, 2006.

13. Pursuant to the passage of that bill, the defendant, PUC, promulgated a notice to all licensed certificate holders and owners, mandating compliance with the aforesaid limits on or by September 1, 2006. A copy of that notice is appended hereto and marked as Exhibit "C."

14. By means of that Notice (Exhibit "C"), the defendant, PUC, notified the plaintiff, and others similarly situated, *inter alia,* that *"[f]ailure to have such proof of financial responsibility in place by that date* (September 1, 2006) *may result in immediate suspension of your operating authority."*

15. That, as the amended act became effective July 14, 2006, and is to be enforced on September 1, 2006, your plaintiff, and others similarly situated, face immediate and irreparable injury.

16. That, your plaintiff, Ramon Perez, and others similarly situated, will be financially unable to comply with the mandates of the amended act, and faces loss of his livelihood and operating privileges.

17. That, the plaintiff's rates and/or fares, are administratively set by the defendant, PUC, and have not been raised in six years.

18. That the plaintiff, and others similarly situated, will be unable to recoup the charges or assessments mandated by the amended Act, and are precluded by the defendant, PUC, from passing such costs to his customers, whom the Amended Act, ostensibly seeks to protect.

19. That, the defendant, PUC, has essentially required of the plaintiff, and others similarly situated, an unfunded mandate, requiring compliance and taking money from them without notice or opportunity for redress, by controlling the plaintiff's right to contract with his customers to reek recoupment of such costs.

20. Further, as the defendant, PUC and State of Rhode Island, are protected and insulated from redress by the plaintiff, under the doctrine of sovereign immunity, the plaintiff, and others similarly situated, have no or any adequate remedy at law.

21. That, your plaintiff, Ramon Perez, is an American citizen, of Latino extraction.

22. That, the overwhelming majority of taxicab owners and operators, particularly, within the City of Providence are themselves of American citizens of Latino extraction or lawful permanent resident of a similar ethnic constituency.

23. That, the amended act, bears a disparate impact upon your plaintiff and other owners/operators of that background, under the guise of public policy, requiring them to fund protection for their passengers, the majority of which are better educated, more affluent and overwhelmingly white, without providing any avenue to secure compensation or repayment of the same.

24. That, your plaintiff, and others similarly situated, face imminent loss of their operating privileges and further face the loss of all monies heretofore expended in compliance with prior mandates of the defendant, PUC.

25. That, your plaintiff, and others similarly situated, have been denied their right to contract and an unlawful assessment has been imposed upon your plaintiff, in violation of law.

WHEREFORE, your plaintiff, RAMON PEREZ, prays this Honorable Court, to restrain and enjoin the defendants, THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND, from implementing, enforcing and/or promulgating any rule, regulation or otherwise in pursuance of R.I. Gen. Laws, Section 39-14-18, as amended (S 2877), temporarily, until full hearing can be had on plaintiff's prayer for a Preliminary and Permanent Injunction. Further, the plaintiff seeks relief of this Honorable Court requiring the plaintiff, and others similarly situated, to otherwise comply with the dictates of the amended statute until such further hearing as the court may direct. The plaintiff also prays this Honorable Court to declare the amended Act unconstitutional as violative of the following: (1) The so-called takings clause of the Fifth Amendment to the United States Constitution and Article 1, Section 16 of the Rhode Island Constitution; (2) The right to contract secured your plaintiff pursuant

to Article 1, Section 10 of the United States Constitution and Article 1, Section 12 of the Rhode Island Constitution; and (3) The Equal Protection Clause of the 14th Amendment to the United States Constitution, in that it bears a disparate and disproportionate impact on a protected class. Plaintiff further prays an award of attorneys' fees and the costs of the instant action.

RAMON PEREZ,

STATE OF RHODE ISLAND}
PROVIDENCE, SC. }

Subscribed and sworn to before me within the City of Providence, County of Providence, State of Rhode Island, on this the 18th day of August, 2006, under the pains and penalties of perjury.

Notary Public
My Commission Expires: 11/05

Plaintiff,
RAMON PEREZ,
By his Attorney,

Emili Vaziri, Esquire (#4952)
160 Plainfield Street
Providence, RI 02909
(401) 944-6430
FAX: (401) 944-4161

# EXHIBIT "A"

**39-14-18**

**Statutes and Session Laws**

**TITLE 39 Public Utilities and Carriers**

**CHAPTER 39-14 Taxicabs and Limited Public Motor Vehicles**

**39-14-18 Proof of financial responsibility.**

---

## 39-14-18 Proof of financial responsibility.

(a) The owner of every taxicab or limited public motor vehicle shall, before operating or continuing to operate the taxicab or limited public motor vehicle on the public highways of this state, furnish to the division of motor vehicles, as the owner shall elect, either:

(1) A certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy insuring him or her against liability for injury to persons and damage to property which may be caused by the operation of the taxicab or limited public motor vehicle, such policy to provide for indemnity in the sum of not less than twenty-five thousand dollars ($25,000) in the case of one person injured and not less than fifty thousand dollars ($50,000) in the case of injury to two (2) or more persons in any one accident, and indemnity of not less than ten thousand dollars ($10,000) for damage to property; or

(2) A certificate of the general treasurer of this state that the owner has filed in his or her office, a bond of a surety company authorized to transact business in this state, payable to the general treasurer, in the penal sum of at least twenty-five thousand dollars ($25,000), to indemnify any person who may be injured or whose property may be damaged as a result of the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner; or

(3) Evidence of the financial responsibility of the owner to answer, in an amount not exceeding fifty thousand dollars ($50,000) over and above his or her fixed liabilities, but including the fair value of all his or her real estate and tangible and intangible personal property, for injuries to persons or damage to property which may thereafter result from the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner, as the division may deem adequate; provided, however, that the division may, if satisfied after a hearing that the bond as given under subsection (a)(2) or the financial responsibility as shown by the statement filed in subsection (a)(3) are inadequate to protect the public order, require the owner to file a new or additional bond within the limits provided in this section unless the owner satisfies the registry of his or her financial responsibility in an amount up to fifty thousand dollars ($50,000) as provided in this section.

(b) The insurance and the bond shall be noncancelable by either party to the contract, except after five (5) days notice to the division of motor vehicles, furnished by the insurance company or the surety company. Any person aggrieved by any decision of the division made pursuant to the provisions of this section may, within ten (10) days after the rendition thereof, appeal to the sixth division of the district court for a review of the decision. The court shall, as soon as may be, give a summary hearing upon the appeal and shall have jurisdiction to affirm or reverse the decision, or make such order in the premises as to the court shall seem just, and the decision shall be subject to appeal to the supreme court in the same manner as provided for in civil actions. The court may make reasonable rules to insure a prompt hearing of the appeals and a speedy disposition thereof. The appeals shall not, however, operate as a suspension of any decision theretofore rendered by the division and all decisions shall continue in force and be operative unless reversed by the court. A party aggrieved by a final order of the court may seek review thereof in the supreme court by writ of certiorari in accordance with the procedures contained in § 42-35-16.

Case 1:06-cv-00378-ML-LDA Document 3 Filed 08/25/2006 Page 28 of 38

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# EXHIBIT "B"

**2006 Chapter 579 - S 2877Aam**

**Statutes and Session Laws**

**Session Laws**

**2006 Session**

**2006 Chapter 579 - S 2877Aam**

---

Session Laws

**Chapter 579 - S 2877Aam**

Enacted 07/14/06

AN ACT RELATING TO PUBLIC UTILITIES AND CARRIERS

**Introduced By:** Senator William A. Walaska

**Date Introduced:** March 01, 2006

It is enacted by the General Assembly as follows:

SECTION 1. Section 39-14-18 of the General Laws in Chapter 39-14 entitled "Taxicabs and Limited Public Motor Vehicles" is hereby amended to read as follows:

**39-14-18. Proof of financial responsibility. --** (a) The owner of every taxicab or limited public motor vehicle shall, before operating or continuing to operate ~~the~~ a taxicab or limited public motor vehicle on the public highways of this state, furnish to the division of ~~motor vehicles, as the owner shall elect, either:~~

~~(1) A~~ public utilities and carriers, a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy insuring him or her against liability for injury to persons and damage to property which may be caused by the operation of the taxicab or limited public motor vehicle, such policy to provide for indemnity in the sum of not less than ~~twenty-five~~ three hundred thousand dollars ~~($25,000)~~ ($300,000) ~~in the case of one person injured and not less than fifty thousand dollars ($50,000) in the case of injury to two (2) or more persons in any one accident, and indemnity of not less than ten thousand dollars ($10,000) for damage to property; or~~ combined single limit, or two hundred fifty thousand dollars ($250,000) per person, five hundred thousand dollars ($500,000) per accident bodily injury and one hundred thousand dollars ($100,000) property damage split limit.

~~(2) A certificate of the general treasurer of this state that the owner has filed in his or her office, a bond of a surety company authorized to transact business in this state, payable to the general treasurer, in the penal sum of at least twenty-five thousand dollars ($25,000), to indemnify any person who may be injured or whose property may be damaged as a result of the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner; or~~

~~(3) Evidence of the financial responsibility of the owner to answer, in an amount not exceeding fifty thousand dollars ($50,000) over and above his or her fixed liabilities, but including the fair value of all his or her real estate and tangible and intangible personal property, for injuries to persons or damage to~~

~~intangible personal property, for injuries to persons or damage to property, or for causing the death of any person, which injury, death, or damage may result from or have been caused by the use or operation of a jitney by the owner thereof or his or her or its agents or employees.~~ <u>The owner of every jitney shall, before operating or continuing to operate a jitney on the public highways of this state, furnish to the division of public utilities and carriers a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy that insures against liability for injury to persons and damage to property which may be caused by the operation of the jitney, such policy to provide for indemnity in the sum of not less than three hundred thousand dollars ($300,000) combined single limit or its equivalent split level.</u>

SECTION 4. This act shall take effect upon passage.

---

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

# EXHIBIT "C"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**DIVISION OF PUBLIC UTILITIES AND CARRIERS**
**Motor Carriers Section**
89 Jefferson Blvd.
Warwick, R.I. 02888
(401) 941-4500

FAX (401) 941-9161

July 19, 2006

Dear Certificate Holder:

In late June, the Rhode Island General Assembly passed the attached Senate Bill (S-2877), which established new insurance requirements for Rhode Island taxicab and jitney operations. The bill became law on July 14, 2006.

Essentially, the new law requires taxicab and jitney operations to furnish this Division with proof of financial responsibility (insurance coverage) in the following manner:

1. A policy to provide indemnity in the sum of not less than $300,000 combined single limit, or;
2. A policy to provide indemnity in the sum of $250,000 per person/$500,000 per accident bodily injury and $100,000 property damage split.

Accordingly, the Division expects every certificate holder operating a taxicab or jitney company to provide this agency with a certificate of insurance detailing coverage in the requisite amounts no later than Friday, September 1, 2006. Failure to have such proof of financial responsibility in place by that date may result in immediate suspension of your operating authority.

I urge you to read the attached bill in its entirety (the underlined passages contain the new statutory language) and discuss the new limits with your insurance agent so as to ensure your company's compliance.

If you have any questions regarding this matter, please contact the Division at 941-4500, ext. 158.

Sincerely,

Terrence Mercer

Terrence Mercer
Associate Administrator

# Legislative Status Report

Condition: {List Bills: 2877}

Senate Bill No.2877 SUB A as amended
Chapter 579
**BY** Walaska
**ENTITLED,** AN ACT RELATING TO PUBLIC UTILITIES AND CARRIERS

(revise the personal injury and property damage insurance requirements of the owners of taxicabs, limited public motor vehicles, and jitneys operating in the state to require an insurance policy that provides for indemnity)

{LC2611/1/A}

03/01/2006 Introduced, referred to Senate Financial, Technology and Regulatory Issues
03/21/2006 Scheduled for hearing and/or consideration
03/21/2006 Committee recommended measure be held for further study
04/25/2006 Scheduled for hearing and/or consideration
04/25/2006 Committee recommends passage of Sub A as amended
05/04/2006 Placed on Senate Calendar
05/11/2006 Senate passed Sub A as amended (floor amendment)
05/16/2006 Referred to House Corporations
06/21/2006 Scheduled for hearing and/or consideration
06/21/2006 Committee recommends passage of Sub A as amended in concurrence
06/21/2006 Placed on House Calendar
06/22/2006 House passed Sub A as amended in concurrence
07/06/2006 Transmitted to Governor
07/14/2006 Effective without Governor's signature

Total Bills:1

Legislative Data System Room 1 07/20/2006
State House, Providence, Rhode Island 01:50 PM

Home Back

2006 -- S 2877 SUBSTITUTE A AS AMENDED

LC02611/SUB A

# STATE OF RHODE ISLAND

**IN GENERAL ASSEMBLY**

**JANUARY SESSION, A.D. 2006**

---

AN ACT

RELATING TO PUBLIC UTILITIES AND CARRIERS

Introduced By: Senator William A. Walaska

Date Introduced: March 01, 2006

Referred To: Senate Financial, Technology, Regulatory

It is enacted by the General Assembly as follows:

SECTION 1. Section 39-14-18 of the General Laws in Chapter 39-14 entitled "Taxicabs and Limited Public Motor Vehicles" is hereby amended to read as follows:

**39-14-18. Proof of financial responsibility. --** (a) The owner of every taxicab or limited public motor vehicle shall, before operating or continuing to operate ~~the~~ a taxicab or limited public motor vehicle on the public highways of this state, furnish to the division of ~~motor vehicles, as the owner shall elect, either:~~

~~(1) A~~ public utilities and carriers, a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy insuring him or her against liability for injury to persons and damage to property which may be caused by the operation of the taxicab or limited public motor vehicle, such policy to provide for indemnity in the sum of not less than ~~twenty-five~~ three hundred thousand dollars ~~($25,000)~~ ($300,000) ~~in the case of one person injured and not less than fifty thousand dollars ($50,000) in the case of injury to two (2) or more persons in any one accident, and indemnity of not less than ten thousand dollars ($10,000) for damage to property; or~~ combined single limit, or two hundred fifty thousand dollars ($250,000) per person, five hundred thousand dollars ($500,000) per accident bodily injury and one hundred thousand dollars ($100,000) property damage split limit.

~~(2) A certificate of the general treasurer of this state that the owner has filed in his or her office, a bond of a surety company authorized to transact business in this state, payable to the general treasurer, in the penal sum of at least twenty-five thousand dollars ($25,000), to~~

indemnify any person who may be injured or whose property may be damaged as a result of the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner; or

(3) Evidence of the financial responsibility of the owner to answer, in an amount not exceeding fifty thousand dollars ($50,000) over and above his or her fixed liabilities, but including the fair value of all his or her real estate and tangible and intangible personal property, for injuries to persons or damage to property which may thereafter result from the operation of the taxicab or limited public motor vehicle, and of any other taxicab or limited public motor vehicle belonging to the owner, as the division may deem adequate; provided, however, that the division may, if satisfied after a hearing that the bond as given under subsection (a)(2) or the financial responsibility as shown by the statement filed in subsection (a)(3) are inadequate to protect the public order, require the owner to file a new or additional bond within the limits provided in this section unless the owner satisfies the registry of his or her financial responsibility in an amount up to fifty thousand dollars ($50,000) as provided in this section.

(b) The insurance and the bond shall be noncancelable by either party to the contract, except after five (5) days notice to the division of motor vehicles, furnished by the insurance company or the surety company. Any person aggrieved by any decision of the division made pursuant to the provisions of this section may, within ten (10) days after the rendition thereof, appeal to the sixth division of the district court for a review of the decision. The court shall, as soon as may be, give a summary hearing upon the appeal and shall have jurisdiction to affirm or reverse the decision, or make such order in the premises as to the court shall seem just, and the decision shall be subject to appeal to the supreme court in the same manner as provided for in civil actions. The court may make reasonable rules to insure a prompt hearing of the appeals and a speedy disposition thereof. The appeals shall not, however, operate as a suspension of any decision theretofore rendered by the division and all decisions shall continue in force and be operative unless reversed by the court. A party aggrieved by a final order of the court may seek review thereof in the supreme court by writ of certiorari in accordance with the procedures contained in section 42-35-16.

SECTION 2. Sections 39-13-7 and 39-13-8 of the General Laws in Chapter 39-13 entitled "Motor Passenger Carriers" are hereby repealed.

**39-13-7. Posting of bond to pay damages from jitney operation.** — Whenever any person, association, or corporation has obtained and filed with the division of motor vehicles a certificate of public convenience and necessity issued by the division for the operation of a jitney, the person, association, or corporation, before operating a jitney, shall deposit with the general

~~treasurer of the state a bond running to the general treasurer and in form and substance approved by the division of motor vehicles, with such surety, if any, as the division may require, conditioned to pay any final judgment obtained against the principal named in the bond for any injury to person or property or damage for causing the death of any person, which injury, death, or damage may result from or have been caused by the use or operation of the jitney by the owner thereof or his or her or its agents, employees, or drivers. Any person so injured or damaged or his or her executor or administrator, or the executor or administrator of any person whose death was so caused, may enforce payment of a judgment by suit on the bond in the name of the general treasurer.~~

~~**39-13-8. Amount of bond. --** The amount of the bond shall be determined upon the basis of five hundred dollars ($500) for each passenger which each jitney described in the bond is authorized to carry by the certificate of public convenience and necessity permitting the operation of the jitney; provided, however, that the maximum amount of the bond need not exceed twenty thousand dollars ($20,000).~~

SECTION 3. Section 39-13-9 of the General Laws in Chapter 39-13 entitled "Motor Passenger Carriers" is hereby amended to read as follows:

**39-13-9. ~~Proof of financial responsibility in lieu of bond. --~~ Proof of financial responsibility. --** ~~The provisions of sections 39-13-7 and 39-13-8 shall not apply to any person, association, or corporation furnishing evidence to the division of motor vehicles of his or her or its financial responsibility to answer in an amount not exceeding one hundred thousand dollars ($100,000) over and above his or her or its fixed liabilities, but including the fair value of all his or her or its real estate and tangible and intangible personal property, for injuries to persons or damage to property, or for causing the death of any person, which injury, death, or damage may result from or have been caused by the use or operation of a jitney by the owner thereof or his or her or its agents or employees.~~ The owner of every jitney shall, before operating or continuing to operate a jitney on the public highways of this state, furnish to the division of public utilities and carriers a certificate of insurance issued by an insurance company authorized to transact business in this state, showing that the owner has a policy that insures against liability for injury to persons and damage to property which may be caused by the operation of the jitney, such policy to provide for indemnity in the sum of not less than three hundred thousand dollars ($300,000) combined single limit or it's equivalent split level.

SECTION 4. This act shall take effect upon passage.

LC02611/SUB A

RECEIPT

ıode Island Justice System

| | |
|---|---|
| Receipt Number: | SCP232111 |
| Date: | 18-AUG-2006 |
| Cashier: | LSY |

ayor: LB - W,G. GRANDE
ddress:

| escription | Amount |
|---|---|
| ase: PC-2006-4358 | |
| RAMON PEREZ V THE R I PUBLIC | |
| NITIAL FILING FE | 150.00 |
| I LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

| ender Type: | |
|---|---|
| HECKS-7103 | 160.00 |
| | 0.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

ırue Copy Attesı

Office of Clerk oı Superior Court
Counties of Pro·idence & Bristol
Providence Rhode Islan