**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RAMON PEREZ,**
**Plaintiff**

**v.** **C.A. NO. 06-378 ML**

**THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND**
**Defendants**

**OBJECTION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Now come Defendants and object to the Motion for a Temporary Restraining Order filed by the Plaintiff. A memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANT
By Its Attorney General

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*
*/s/ William Kent Leuker*

Rebecca Tedford Partington
Deputy Chief Civil Division
William Kent Lueker
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 exts. 2303 and 2299
Fax No. (401) 222-2995
rpartington@riag.ri.gov
wlueker@riag.ri.gov

**CERTIFICATION**

I hereby certify that I mailed and sent via facsimile a true copy of the foregoing by first class mail, postage prepaid on this 31st day of August, 2006 to:

Emili Vaziri, Esquire
Damon M. D'Ambrosio, Esquire
160 Plainfield Street
Providence, RI 02909

*/s/ Rebecca Tedford Partington*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RAMON PEREZ,**
**Plaintiff**

**v.** **C.A. NO. 06-378 ML**

**THE RHODE ISLAND PUBLIC UTILITIES COMMISSION and THE STATE OF RHODE ISLAND**
**Defendants**

# MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Ramon Perez ("Perez") initially filed this Complaint in the Superior Court of Rhode Island.[1] Because the allegations are founded on the United States Constitution, it has been removed to this Court. Perez challenges a recent amendment to the Rhode Island General Laws that increases the amount of insurance coverage on, among other things, taxicabs. He alleges that he is the owner and operator of a taxicab. (Complaint, ¶ 5). The basis for his claims that the amendment is unconstitutional are that it discriminates on the basis of race, denies their right to contract, and constitutes a "taking". The State has answered, denying the claims.

The Superior Court, Gibney, J., issued an Order enjoining the State from enforcing the statute until August 28, 2006.[2] That TRO having expired, the Plaintiff once again seeks to obtain emergency relief. It should be denied, for procedural and substantive reasons.

[1] There is a Motion to Amend pending. It does not change the substantive allegations, only adding a party.
[2] Although the bill was effective upon passage in July, the State sent a letter to the Plaintiff advising him that he had until September 1 to obtain insurance. (Complaint, ¶13).

## II. ARGUMENT

Plaintiff has the burden of proving that he is entitled to injunctive relief. With the deference usually afforded to validly enacted statutes, coupled with the public policy interests at play here, this Plaintiff faces more obstacles than the usual litigant seeking extraordinary injunctive relief. Coupled with the complete lack of legal or factual foundation for his arguments, the inescapable conclusion is that the instant Motion should be denied.

In determining whether injunctive relief is appropriate, the Court should consider four factors: "1) the likelihood of success on the merits; 2) the potential for irreparable harm [to the movant] if the injunction is denied; 3) the balance of relevant impositions, i.e., the hardship to the movant if no injunction issues; and 4) the effect (if any) of the court's ruling on the public interest." Wine and Spirits Retailers, Inc. v. State of Rhode Island, 418 F.3d 36 (1st Cir. 2005)(citations omitted). All of the above factors weigh against granting injunctive relief.

Plaintiff Cannot Show A Likelihood of Success on the Merits

Perez makes the remarkable assertion that the increase in liability limits for taxicabs is racially motivated, and that it constitutes a taking of his property. First, it is important to note some basic constitutional maxims applicable in this case: "All laws regularly enacted by the Legislature are presumed to be constitutional and valid" City of Pawtucket v. Sundlun, 662 A.2d 40, 45 (R.I. 1995). It is well settled that this Court should "approach constitutional questions with great deliberation, exercising [it's] power in this respect with the greatest possible caution." DEPCO v. Brown, 659 A.2d 95 (R.I. 1995). It is incumbent upon the Court to give effect, if possible, to a State statute.

United Nuclear Corp. v. Cannon, 553 F.Supp.1220 (D.R.I. 1982). Accordingly, a Court must "make every reasonable intendment in favor of the constitutionality of the legislative act." City of Pawtucket, 662 A.2d at 45. These maxims are an outgrowth of the understanding and respect given by one branch of government to the other—the wisdom or necessity of a law is for the legislature to determine, and not for the Court. FCC v. Beach Communications, Inc.,, 508 U.S. 307 (1993).

In reviewing the constitutionality of enacted statutes, the Rhode Island Supreme Court has noted that "[b]ecause of the broad plenary power of the general assembly, [the] evaluation of legislative enactments has been extremely differential; moreover, [courts have] interfered with such enactments only when the legislation at issue could be palpably and unmistakably characterized as an excess of legislative power." Kennedy v. State, 654 A.2d 708 at 711 (R.I. 1995). Courts "will not invalidate a legislative enactment unless the party challenging the enactment can prove beyond a reasonable doubt . . . that the statute in question is repugnant to a provision in the Constitution." City of Pawtucket, 662 A.2d at 45 (emphasis in original). A party challenging the constitutionality of a statute must satisfy the heightened burden of proving beyond a reasonable doubt that the statute in question is unconstitutional to obtain a ruling in its favor. Gorham v. Robinson, 57 R.I. at 7, 186 A. at 837.

A quick look at the complaint makes it clear that this is a facial, rather than an "as-applied" challenge. To succeed on a facial challenge to a statute is very difficult. A Plaintiff wishing to bring a facial challenge faces an " 'uphill battle' ". Pharmaceutical Care Management Association v. Rowe, 429 F.3d 294 (1st Cir. 2005). A facial challenge to a legislative Act is the most difficult challenge to mount successfully, since the

challenger must establish that no set of circumstances exists under which the Act would be valid. Id. at 307 (citations omitted).

With the bar set, Perez must show that the statute, on its face, discriminates against a protected class. That is impossible. The statute does not discriminate on its face - there are no racial delineations in the statute. A facially neutral law warrants strict scrutiny only if it can be proved that the law was motivated by a racial purpose or object, or if it is unexplainable on grounds other than race. Hunt v. Cromartie, 526 U.S. 541 (1999). Perez has made no such allegations here. Rather, his allegations are extremely conclusory and inflammatory in nature. Therefore, the scrutiny under the Equal Protection Clause is one of rational basis. The State asserts that the rational basis is clear—taxicabs, which make their livelihood transporting people, were woefully underinsured for decades. The statute is economic in nature, advances the public interest in having adequately insured carriers traveling the roadways, and is clearly constitutional.

Perez also alleges that the amendment constitutes an unconstitutional "taking" of his property in violation of the Fifth Amendment. The flaws in these allegations are obvious: whatever "expectations" Perez had were not reasonable, and he has not been deprived of any "property" as contemplated by the Constitution. Further, the motor carrier industry is highly regulated, and those operating in such an industry should expect that its business will frequently be affected by government action. Puerto Rico Telephone Co. v. Telecommunications Regulatory Board of Puerto Rico, 189 F.3d 1, 17 (1st Cir. 1999)(citation omitted). Governmental action through regulation of the use of private property does not cause a taking unless the interference is significant. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2s 962 (1st Cir.

1993). As will be shown, in this case the increase in liability limits may appear significant, but the focus here should be on the premium amounts. An increase in premium amounts to bring an industry into line with the rest of us is not a taking in the constitutional sense.

Perez's Complaint also appears to have a contract clause claim. It is unclear, but he appears to say that because he cannot raise his rates without DPUC approval, and therefore cannot recoup the increased premiums from his passengers *sua sponte*, a constitutional violation has occurred. This argument is without any factual or legal support and should be rejected out of hand.

Perez Cannot Show Irreparable Harm

Even if the Court accepts the allegations in the Complaint as true, the damages are purely economic in nature and can be recouped, i.e., the increased premium amounts. Such monetary damages are insufficient to support the granting of a TRO. Further, there are administrative remedies available to him in the form of rate increase requests. R.I.G.L. §§ 39-3-11, 39-14-2.2. There is also an administrative process—if plaintiff believes the insurance company is gouging him, he can file a grievance with DBR. R.I.G.L. § 27-9-19.

Balance of Hardships

This prong weighs heavily in favor of the State. First, the majority of taxicab owners has complied with the law, and they have obtained increased insurance on their

vehicles. To allow this Plaintiff to skirt the requirements of the law would not only be against public policy, but would also constitute granting him a competitive advantage over law-abiding certificate holders. Further, it appears that Perez has in fact obtained the increased insurance. *See* Affidavit, attached. Therefore, the status quo is that this owner, like the majority of other owners, has complied with the law.

Also appropriate for the Court's consideration is the fact that the hardship imposed, i.e., the late hour of the Motion, is of this Plaintiff's own making. The law went into effect upon passage in July, yet the DPUC informed taxicab owners that they had until September 1, 2006 to obtain the required certificates of insurance. Perez' delay "has contributed to the present sense of urgency." Wine and Spirits Retailers, Inc. v. State of Rhode Island, 364 F.Supp. 2d 172 (D.R.I. 2005).

Public Interest

The public interest is lies exclusively with the State. Taxicabs have been egregiously underinsured for the past several decades. To allow this Plaintiff to ignore the requirements of the amendment would force passengers into a crap-shoot: if they get in the taxicab of a company with the increased limits, they are better covered, from an insurance perspective. That passenger who unknowingly enters Perez' vehicle would be less covered than others.

The interest of the law-abiding taxicab owners cannot be ignored. They are spending the increased monies required to obtain the increased liability insurance. To allow this Plaintiff to put money in his pocket while they cannot would be clearly and palpably wrong.

## III. CONCLUSION

For the foregoing reasons, the request for injunctive relief should be denied.

Respectfully submitted,

DEFENDANT
By Its Attorney General

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*
*/s/ William Kent Leuker*

Rebecca Tedford Partington
Deputy Chief Civil Division
William Kent Lueker
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 exts. 2303 and 2299
Fax No. (401) 222-2995
rpartington@riag.ri.gov
wlueker@riag.ri.gov

## CERTIFICATION

I hereby certify that I mailed and sent via facsimile a true copy of the foregoing by first class mail, postage prepaid on this 31st day of August, 2006 to:

Emili Vaziri, Esquire
Damon M. D'Ambrosio, Esquire
160 Plainfield Street
Providence, RI 02909

*/s/ Rebecca Tedford Partington*